**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 22-cr-159-5 (CRC)** |
| | : | |
| **DAVID ASHTON,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits its memorandum in aid of sentencing. The defendant, David Ashton, has pleaded guilty to Count one of the Superseding Information, charging him with Using, Possessing, or Carrying a Firearm During and in Relation to a Drug Trafficking Crime, in violation of Title 18, United States Code, Section 924(c).

For the reasons herein, and based on the 18 U.S.C. Section 3553(a) factors, the United States requests that the Court sentence the defendant to a period of sixty (60) months incarceration for Count one. The government further requests that the Court impose a period of five (5) years of supervised release.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

**A.    Drug-related investigation and arrests**

On May 4, 2022, at approximately 2:51 PM, law enforcement officers with the Federal Bureau of Investigation, Drug Enforcement Agency, Bureau of Alcohol, Tobacco, Firearms and Explosives and the Metropolitan Police Department observed the defendant conduct a hand-to-hand narcotics transaction with the driver of a black Toyota Camry at the Shell Gas Station located at 4700 South Capitol Street SE, Washington, D.C. Shortly thereafter, law enforcement officers

1

with the Federal Bureau of Investigation (FBI), Drug Enforcement Agency (DEA), Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), as well as the Metropolitan Police Department (MPD) approached the Shell Gas Station and detained the defendant.

During a pat down search of the defendant's person, officers discovered approximately 2.7 ounces of marijuana and $466 in U.S. currency in his possession.  Subsequently, law enforcement officers conducted a search incident to arrest of a gold Toyota Camry parked at the Shell Gas Station, which the defendant was observed to have been operating earlier the same day.  As a result of the search of the gold Toyota Camry, law enforcement officers discovered, in aggregate, approximately .60 kilograms of marijuana in the vehicle, as well as a loaded Glock 27 .40 caliber semi-automatic handgun, with an obliterated serial number, equipped with a thirteen (13) round magazine.

Approximately two weeks later, on May 20, 2022, the defendant was detained again at the same Shell Gas Station by law enforcement officers with FBI, DEA, and MPD.  During a pat down search of the defendant's person, .11 kilograms of marijuana and $347 in U. S currency was found in his possession.

In connection with his indictment in the instant matter, Case No. 22-cr-159, a warrant was issued for the defendant's arrest.  The arrest warrant was executed at the defendant's residence on August 11, 2022.  Incident to his arrest, the defendant was found to be in possession of 2.21 kilograms of marijuana, along with two firearms. ECF No. 104 (Final Presentence Investigation Report ("PSR")) at ¶ 17.

On February 17, 2023, the defendant pleaded guilty to a single-count superseding indictment charging him with Using, Possessing, or Carrying a Firearm During and in Relation to a Drug Trafficking Crime, in violation of Title 18, United States Code, Section 924(c).

II.      **DISCUSSION AND SENTENCING RECOMMENDATION**

When determining the appropriate sentence, the district court should consider all of the applicable factors set forth in Title 18, United States Code, Section 3553(a).  *See United States v. Gall*, 128 S. Ct. 586, 596 (2007).  These factors include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed correctional treatment; (3) the Sentencing Guidelines and related Sentencing Commission policy statements; and (4) the need to avoid unwarranted sentence disparities. 18 U.S.C. § 3553(a).

The government recommends that the Court sentence Ashton to a term of 60 months' incarceration followed by five years of supervised release.  Under the totality of circumstances, including the nature and seriousness of Ashton's offense and his history and characteristics, the government submits that such a sentence of incarceration serves the interests of justice and appropriately balances the sentencing factors under 18 U.S.C. § 3553(a).

A.      **Nature And Circumstances Of The Offense And History And Characteristics Of The Defendant**

As described in detail in the Factual Background, the nature and circumstances of Ashton's offense warrants an imposition of the mandatory minimum sentence, as per Title 18, United States Code, Section 924(c).

It bears noting that the current charge is not Ashton's first firearm conviction.  Ashton has previously been charged with, and convicted of, similar criminal conduct, having pled guilty in 2021 to Carrying a Pistol Without a License, as well as Possession with Intent to Distribute

Marijuana.  These prior convictions had little to no effect on Ashton's behavior, as the defendant is now before the Court for markedly similar actions.  Specifically, that the defendant brazenly sold narcotics in an open-air market with his co-defendants and possessed a firearm in relation to those actions.

      **B.**    **The Need For The Sentence To Be Imposed**

Under the totality of the circumstances, the government believes that a 60-month sentence of incarceration serves the interests of justice and appropriately balances the sentencing factors under 18 U.S.C. § 3553(a).  The government credits the defendant's acceptance of responsibility in this case.  As such, a 60-month period of incarceration is appropriate to deter him from further illicit firearm and drug trafficking activity, to protect the community, and to signal to Ashton that there are real costs for his actions.

      **C.**    **Statutory Penalties And The Sentencing Guidelines**

The government concurs with the assessment of the United States Probation Office for the District of Columbia regarding the total offense level applicable in this case, Ashton's criminal history score, and the resultant USSG range.

The government further agrees, based on the documentation available to the PSR writer about Ashton's prior convictions, that Ashton's criminal history score is 4, which places him in Criminal History Category III.  *See* PSR at ¶ 47.  Additionally, the government agrees that, pursuant to the provisions set forth in USSG § 2K2.4(b), the Guidelines range for this offense is 60 months of incarceration. *Id.* at ¶ 73.

The government is seeking a Guidelines-compliant sentence of 60 months incarceration. This sentence reflects the principles set forth in the Guidelines and appropriately balances the § 3553(a) factors and the interests of justice.

## III.   **<u>CONCLUSION</u>**

For the foregoing reasons, the government recommends that the Court sentence Ashton to

60 months' incarceration to be followed by a term of 5 years' supervised release.

Respectfully Submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052


By:    _/s/ *Robert P. Sainvil*_____
ROBERT P. SAINVIL
Special Assistant United States Attorney
N.Y. Bar Number 5311824
United States Attorney's Office
601 D. Street NW
Washington, D.C. 20530
Telephone: 202-252-7562
Email: robert.sainvil2@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 2, 2023, I caused a copy of the foregoing to be served on counsel of record via electronic filing.

 /s *Robert P. Sainvil*
ROBERT P. SAINVIL
Special Assistant United States Attorney